This is an appeal of two creditors of defendant corporation from the disallowance of the claims as preferred against the corporation. The validity of both claims depends as to whether these two creditors have liens under the Garage Keepers Lien act, which reads as follows:
"1. All persons or corporations engaged in the business of keeping a garage or place for the storage, maintenance, keeping or repair of motor vehicles and in connection therewith stores, maintains, keeps or repairs any motor vehicle or furnishes gasoline, accessories or other supplies therefor at the request or with the consent of the owner or *Page 466 
his representative, whether such owner be a conditional vendee or a mortgagee remaining in possession or otherwise, has a lien upon such motor vehicle or any part thereof for the sum due for such storing, maintaining, keeping or repairing of such motor vehicle or for furnishing gasoline, accessories, or other supplies therefor, and may without process of law detain the said motor vehicle at any time it is lawfully in his possession until such sum is paid; provided, however, that such lien shall not be superior to, nor affect, any lien, title or any interest of any person or corporation held by virtue of a prior conditional sale or of a prior chattel mortgage properly recorded.
"2. Any person or corporation acquiring a lien under the provision of section one of this act shall not lose such lien by reason of allowing the motor vehicle, or part or parts of the motor vehicle, to be removed from the control of the person or corporation having the said lien may, without further process of law, but after demand of payment of claim either personally or by registered mail if owner's address is known, seize the motor vehicle, or part or parts thereof, wherever the same is or are found within the State of New Jersey; provided, however, that such seizure can be made without the use of force and in a peaceable manner."
The claim of the Phillips Oil Company is for gasoline furnished to defendant for use in the buses operated by it. The Phillips Oil Company delivered the gasoline from its distributing station at Delawanna from its tanks from which it sold gasoline both wholesale and retail. The oil company does not, however, come within the terms of the statute which gives a lien only to persons or corporations engaged in the business of keeping a garage or place for the storage, maintenance, keeping, or repair of motor vehicles. Its station, from which the gasoline in question was sold, has no facilities for and did not repair, store or otherwise deal with automobiles. Therefore, no lien is conferred upon it by the terms of the statute.
The claim of the Firestone Service Stores, Incorporated, also fails. The tire company claims a lien for the rental value of tires used by the defendant under a contract whereby the tire company rented tires to the defendant at a fixed price, and agreed to keep the tires in repair and in good condition. In other words, it did not sell the tires to the defendant, but merely rented them. The bus company furnished rims to the tire company which mounted tires on them and delivered them so mounted to the bus company. *Page 467 
The receiver has, in fact, bought from the tire company the tires which were on defendant's buses at the time the receiver took over the defendant. Under the decision of the court of errors and appeals in Harris v. Walk, 106 N.J. Law 443, a garage lien does not attach without a detention of the automobile by the garage keeper. The disallowance by the receiver of the claim of the tire company is affirmed. *Page 468